IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD MONTELONGO, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:15-cv-2419-M-BN | |
| § | | |
| SOCIAL SECURITY § | | |
| ADMINISTRATION, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M.G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Plaintiff Donald Montelongo's lawsuit without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Applicable Background**

On December 30, 2014, this *pro se* action, challenging a decision to deny benefits by the Commissioner of Social Security, was ordered transferred to the Southern Division of the Central District of California, at Plaintiff's request, after he notified the Court that he had moved to Garden Grove, California, in Orange County, located in that division of that judicial district. *See* Dkt. No. 37; *see also* 28 U.S.C. § 84(c)(3); *cf.* 42 U.S.C. § 405(g) (an action for judicial review of any final decision of the

Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides").

In May 2015, Plaintiff requested that the district court in California transfer his case "to Texas as soon as possible" through a certified letter that reflected a return address of "Donald Montelongo, 3001 Communications Pkwy. #2228, Plano, TX 75093." *See* Dkt. No. 54. The district court in California then ordered this case transferred back to this judicial district. *See* Dkt. No. 57.

The address that Plaintiff has provided, however, is not located in the Northern District of Texas. Instead, the Plano, Texas address Plaintiff has provided is in Collin County, located in the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

Therefore, on July 21, 2015, the Court ordered Plaintiff to respond in writing no later than August 24, 2015 to confirm whether or not his current address is 3001 Communications Pkwy. #2228, Plano, Texas 75093 and, if not, to provide the Court with his current address as well as – given the procedural history of this matter – inform the Court whether he intends to remain at his current address and, if so, how long he intends to reside there. *See* Dkt. No. 62 (warning Plaintiff "that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b)").

The Court's July 21, 2015 Order and a subsequent order granting a motion to substitute counsel for the Commissioner [Dkt. No. 64] have both been returned to the

Court as undeliverable to Plaintiff. *See* Dkt. Nos. 65 & 66. In fact, since this matter was re-opened in this district – more than two months ago – Plaintiff has had no contact with the Court.

## Legal Standards

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead

> of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)) (other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

Where months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit. *See Wingert v. Lebanon Cnty. Corr. Facility Med. Dep't*, No. 3:cv-07-0224, 2007 WL 674508, at *1 (M.D. Pa. Feb. 28, 2007).

## Analysis

By failing to respond to the Court's order concerning venue and, moreover, by failing to advise the Court as to his current address – as he was ordered to do at the outset of this litigation, *see* Dkt. No. 7 ("Failure to file a Notice to the Court of Change of Address may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).") – Plaintiff has prevented this action from

proceeding and, therefore, has failed to prosecute his lawsuit and obey the Court's orders. A Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

While Plaintiff's current action was timely filed, less than 30 days after the final decision of the Commissioner of Social Security, any future case concerning the same administrative determination would be filed well after the 60-day requirement set out in 42 U.S.C. § 405(g). That requirement is not jurisdictional but rather is a statute of limitations and, as such, is waivable by the parties and subject to the doctrine of equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). Where a dismissal without prejudice may subject any subsequent complaint filed by a plaintiff to a statute of limitations defense, such "a dismissal ... could be equivalent to a dismissal with prejudice." *Esgar v. Colvin*, No. CIV-14-1172-HE, 2015 WL 588559, at *3 (W.D. Okla. Feb. 11, 2015) (considering whether dismissal with prejudice of a similarly postured Social Security appeal was justified under the standard for such a dismissal in the Tenth Circuit and concluding it was, in part because plaintiff's failure to comply impeded the court's ability "to move this matter forward," plaintiff was warned, and plaintiff's inaction as to the fee assessment could "reasonably be construed as expressing a preference to avoid the assessment and collection of fees and costs in

this matter").

Simply put, similar to the plaintiff in *Esgar*, Plaintiff's inaction here – after repeated warnings – leaves the Court with little choice but to dismiss this matter pursuant to Rule 41(b). To be clear, the undersigned recommends dismissal without prejudice but is cognizant that such a dismissal, while technically without prejudice, could subject any future re-filing of this action to a limitations defense.

### Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff responds to the Court's previous order [Dkt. No. 62], the Court should refer the case back to the undersigned United States magistrate judge for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE